| | |
|---|---|
| PERCY ALLEN WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ANDREW MURRAY, ) | **ORDER** |
| ELIZABETH FREEMAN-GREENE, ) | |
| PETER S. GILCHRIST, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). On March 30, 2012, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account and Plaintiff is proceeding in forma pauperis in this action. See (Doc. No. 5).

**I.    BACKGROUND**

Pro se Plaintiff Percy Allen Williams, Jr., currently incarcerated at Albermarle Correctional Institution, filed this action on March 13, 2012, pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff names as Defendants the following individuals: Mecklenburg County District Attorney Andrew Murray; Mecklenburg County Assistant District Attorney Elizabeth Freeman-Greene; and former Mecklenburg County District Attorney Peter S. Gilchrist. In a rambling pro se Complaint, Plaintiff alleges that Defendants violated numerous of his federal constitutional rights, arising out of his arrest in January 2002 and resulting conviction on December 4, 2003, for attempted first-degree murder, first-degree kidnaping, and assault with a deadly weapon with intent to kill, inflicting serious injury, with a resulting sentence of 289 to

365 months imprisonment.[1]  See State v. Williams, 631 S.E.2d 236 (N.C. Ct. App. 2006).

Plaintiff alleges, among other things, claims for false imprisonment and malicious prosecution.

Plaintiff does not state how each Defendant allegedly violated his rights.  Indeed, he does not

even name any of the defendants in any part of the Complaint, aside from naming them in the

caption.  Plaintiff alleges that he was again falsely imprisoned on January 19, 2012, but he does

not explain how he was falsely imprisoned.  (Id. at 12).  In his prayer for relief, Plaintiff asks for,

among other things, $3 trillion in damages.  (Id. at 15).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore,

§ 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity," and the

court must identify cognizable claims or dismiss the complaint, or any portion of the complaint,

if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be

granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an

indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

---

[1] Plaintiff has already filed several lawsuits in this Court arising out of his 2003 convictions.  See Williams v. Caldwell, 3:03cv409 (W.D.N.C. 2003) (42 U.S.C. § 1983 action, dismissed on initial review on August 18, 2004, for failure to state a claim); Williams v. Jones, 3:09cv06 (W.D.N.C. 2009) (28 U.S.C. § 2254 action, dismissed as untimely on January 13, 2009); Williams v. Murray, 3:11cv192 (W.D.N.C. 2011) (42 U.S.C. § 1983 action, voluntary dismissal by Plaintiff on August 24, 2011); Williams v. Jones, 3:11cv565 (W.D.N.C. 2011) (42 U.S.C. § 1983 action, dismissed on initial review on April 10, 2012, for failure to state a claim).

Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

The Court will dismiss this action because it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  First, Plaintiff's claims are subject to dismissal on the basis that they are wholly conclusory.  Plaintiff does not state how each Defendant allegedly violated his rights.  In fact, he does not name any of the defendants in any part of the Complaint, aside from naming them in the caption.  Second, Plaintiff's claims that Defendants violated his federal constitutional rights are barred by the Eleventh Amendment to the United States Constitution and by the district attorneys' absolute immunity.  See Nivens v. Gilchrist, 444 F.3d 237, 248 (4th Cir. 2006) (claims against district attorney in his official capacity are barred by the Eleventh Amendment and in his individual capacity by the doctrine of prosecutorial immunity).  Because Defendants were state officials at all relevant times, an action for monetary damages against them in their official capacities would have an adverse impact on the State and Plaintiff's claims against them are therefore barred by the Eleventh Amendment. See Nivens, 444 F.3d at 250; see also Kentucky v. Graham, 473 U.S. 159, 166 (1985) (noting that the government entity is "the real party in interest" in an official capacity suit).

As for any claim by Plaintiff for monetary damages against Defendants in their individual capacities, "prosecutors enjoy absolute immunity from civil suits for damages for actions taken while performing traditional prosecutorial duties."  Puckett v. Carter, 454 F. Supp. 2d 448, 452 (M.D.N.C. 2006) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)).  In Imbler, the Supreme

Court held that in "initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. at 430. The Court explained that prosecutors should be afforded absolute immunity when their "activities were intimately associated with the judicial phase of the criminal process." Id. Here, Plaintiff has not alleged that Defendants were acting outside the scope of their prosecutorial duties in this case. In sum, the Court will dismiss Plaintiff's claims against Defendants.

IV.    **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-2), is **GRANTED** for the limited purpose of this initial review of his Complaint.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** because it is "frivolous, malicious, or fails to state a claim on which relief may be granted," 28 U.S.C. § 1915A(b)(1), and because his Complaint seeks monetary relief from defendants who are immune from such relief, 28 U.S.C. § 1915A(b)(2).

3. The Clerk is instructed to indicate on the docket that this is Plaintiff's third strike for purposes of 28 U.S.C. § 1915(g). See Williams v. Caldwell, 3:03cv409 (W.D.N.C. 2003) (42 U.S.C. § 1983 action, dismissed on initial review on August 18, 2004, for failure to state a claim); Williams v. Jones, 3:11cv565 (W.D.N.C. 2011) (42 U.S.C. § 1983 action, dismissed on initial review on April 10, 2012, for failure to state a claim).

Signed: December 18, 2012

Robert J. Conrad, Jr.
Chief United States District Judge